UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SIMON GOLDVEKHT,

                      Plaintiff,

-against-

UNITED FEDERATION OF TEACHERS,

                      Defendant.

------------------------------------------------------------------X

**ORDER**
**08 CV 3430 (JG)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff, Simon Goldvekht, initiated this *pro se* action on August 20, 2008 alleging that defendant United Federation of Teachers ("U.F.T.") violated his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.[1] The Court held a status conference on January 7, 2010, and set April 30, 2010 as the deadline for the parties to complete all discovery.

Discovery is the process by which the parties request information from each other regarding their claims or defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34,

---

[1] Plaintiff filed a second action against Linda Alhonote and the New York City Department of Education on February 13, 2009. Goldvekht v. Alhonote, et al., 09 cv 794 (JG) (LB). The Court construed plaintiff's second action as a request for leave to amend his complaint in this action, and stated that "[b]ecause [plaintiff's] claims against the U.F.T. and the Department [of Education] arise from the same occurrence, and involve common questions of fact, the motion is granted." Document 30. However, for the reasons stated on the record at the January 7, 2010 conference, plaintiff's 08 cv 3430 action shall proceed only against U.F.T. on the claims alleged in the original complaint (Document 1). The Court will not consider the claims in 09 cv 794 as an amendment to this action.



plaintiff may request, in writing, answers to questions and documents from defendant's attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since April 30, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Copies of all requests and responses should be kept; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions, he should contact defendant's counsel and a court reporter to make the arrangements. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendant has not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendant's counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot

consider it. Fed. R. Civ. P. 5.

Defendant shall contact Judge Gleeson to request a pre-motion conference by May 21, 2010 if it intends to move for summary judgment.

SO ORDERED.

_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 8, 2010
      Brooklyn, New York